UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARTIN ADAM HERNANDEZ,

Defendant.

Case No. 1:14-cr-00049-BLW-002

**REPORT AND
RECOMMENDATION**

On June 26, 2014, Defendant Martin Adam Hernandez appeared before the
undersigned United States Magistrate Judge to enter a change of plea pursuant to a
written plea agreement. The Defendant executed a waiver of the right to have the
presiding United States District Judge take his change of plea. Thereafter, the Court
explained to the Defendant the nature of the charges contained in the applicable
Indictment (Dkt. 8), the maximum penalties applicable, his Constitutional rights, the
impact that the Sentencing Guidelines will have, and that the District Judge will not be
bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of
the Defendant, counsel, and the government, finds that there is a factual basis for the
Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the
consequences, and that the plea should be accepted. The undersigned also ordered a pre-
sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

## RECOMMENDATION

### NOW THEREFORE IT IS HEREBY RECOMMENDED:

1)      The District Court accept Defendant Martin Adam Hernandez's plea of guilty to Count 2 of the Indictment (Dkt. 8),

2)      The District Court order forfeiture consistent with Defendant Martin Adam Hernandez's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 8) and the Plea Agreement (Dkt. 36).

3)      The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count 1 of the Indictment (Dkt. 8) as to Defendant.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: JUNE 26, 2014

CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE